CIKLIN, J.
 

 Appellant, Randy McLaughlin (“father”), appeals a final judgment of paternity which he asserts, among other things, improperly denied his request for attorney’s fees and ordered child support based on incorrect income figures. Most of the issues he raises are premature and not ripe for appellate review.
 

 The father and Appellee, Tina Rae Debord (“mother”), cohabited from December 2005 to May 2007 during which time a child was born to the couple. In May 2007, the father left the home and filed a petition for determination of paternity, asking for shared parental responsibility and that he be designated the primary residential parent.
 
 [1]
 
 The mother filed a counterpetition and asked that the primary physical residence be with her. Following a final hearing, the trial court entered its (1) Final Judgment of Paternity and (2) Supplemental Findings on Final Judgment of Paternity and ordered shared parental responsibility for the parties’ minor child and required compliance with a “timesharing schedule.” The court’s order indicated that the primary residential parent was “undesignated.” During the final hearing the father orally requested rotating custody but the trial court acknowledged in its final judgment that there had been no claim for rotating custody pled by the father.
 
 [2]
 

 Additionally, the trial court ordered the parties to pay proportional child support and specifically ordered the father to pay retroactive child support from October 1, 2007, through the date of the final judgment. Based upon child support guidelines worksheets submitted by the parties, the court found the mother’s annual income to be $118,020 and the father’s annual income to be $89,265. However, the court further held, “Counsel for Mother/Respondent shall complete and provide to the Court within (7) days a child support guideline worksheet based on wage information in the party’s financial affidavits, health insurance and timesharing findings in this judgment.” Finally, the court granted the mother’s claim for attorney’s fees and denied the father’s attorney fee claim, but stated that the award of attorney’s fees to the mother was “subject to meeting criteria in Chapter 61.”
 

 The father now appeals and argues that the trial court abused its discretion'when it
 
 *1224
 
 “implicitly awarded primary custody of the minor child” to the mother “without making even minimum findings pursuant” to Florida law. We find this argument to be without merit and affirm.
 

 The father further contends that the trial court erred when it denied his request for attorney’s fees and “improperly awarded attorney’s fees to the mother.” As to the father’s appeal of the attorney’s fee award to the mother, we believe that the father’s appeal is premature because the court stated that any award was “subject to meeting the criteria in Chapter 61.” Only after a further hearing will the parties be able to assess the legal sufficiency of such an award. We take this opportunity to caution the trial court that in determining an award of attorney’s fees, it should consider the provisions of section 742.045, Florida Statutes and the factors discussed in
 
 Rosen v. Rosen,
 
 696 So.2d 697 (Fla.1997). It is also for this reason that the trial court’s outright denial of the father’s claim for attorney’s fees is premature. As such, that portion of the lower court’s order is reversed.
 

 The father also argues on appeal that the trial court abused its discretion when it ordered child support amounts to be calculated based upon what the father claims are erroneous findings as to the gross incomes of the parties. The father points out that the court found the mother’s income to be $118,020 which, he contends, represented the mother’s 2007 income. He asserts that the court should have based its calculation on the income listed on the mother’s financial affidavit at the time of the final hearing, which reflected income of $10,765 per month or $129,180 annually. We believe this issue is also premature in that the trial court ordered “Counsel for the Mother/Respondent shall complete and provide to the Court within (7) days a child support guideline worksheet based on wage information in the party’s financial affidavits, health insurance and timesharing findings in this judgment.” Clearly the trial court intended for there to be further consideration of this matter and there is no indication that the trial court will accept the calculation that has yet to be presented by counsel for the mother.
 

 We have considered the retroactive child support issue raised by the father and find that it has no merit.
 
 [3]
 

 Reversed in part and remanded for further proceedings consistent with this opinion.
 

 GROSS, C.J., and WARNER, J., concur.
 

 [1]
 

 . Section 744.301, Florida Statutes (2007), provides: "The mother of a child born out of wedlock is the natural guardian of the child and is entitled to primary residential care and custody of the child unless a court of competent jurisdiction enters an order stating otherwise.” Section 61.046(3), Fla. Stat. (2007), defines “Custodial parent” or "primary residential parent” as "the parent with whom the child maintains his or her primary residence." Custodial parents have residential custody whereas noncustodial parents have visitation with the child.
 
 See generally Gumberg v. Gumberg,
 
 755 So.2d 710 (Fla. 4th DCA 1999). Section 61.046 has since been amended to eliminate references to the "custodial” or "primary residential” parent. Ch. 2008-61, § 2, Laws of Fla., effective October 1, 2008.
 

 [2]
 

 . Rotating custody is divided custody where each parent is alternately given an equal amount of custody of the child.
 
 See generally Bienvenu v. Bienvenu,
 
 380 So.2d 1164 (Fla. 3d DCA 1980).
 

 [3]
 

 . While we affirm the trial court’s decision to order the father to pay past due child support from October 1, 2007, we note that a specific amount has yet to be determined because this too was subject to further consideration by the lower court judge based on documentation that has yet to be provided by the parties.